PAUL E.B. GLAD (State Bar No. 79045)
JOEL T. MUCHMORE (State Bar No. 224446)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
pglad@sonnenschein.com
jmuchmore@sonnenschein.com

PHILIP A. O'CONNELL, JR.
SONNENSCHEIN NATH & ROSENTHAL LLP
101 Federal Street, Suite 2750
Boston, MA 02110
Telephone: (617) 235-6802
Facsimile: (617) 235-6884
poconnelljr@sonnenschein.com

ROBERT B. MILLNER (*Pro Hac Vice*)
PATRICK C. MAXCY (*Pro Hac Vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606-6404
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
rmillner@sonnenschein.com
pmaxcy@sonnenschein.com

Attorneys for OneBeacon Insurance Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PLANT INSULATION COMPANY,<br><br>Debtor. | CASE NO. 09-31347-TC<br><br>CHAPTER 11<br><br>**INSURERS' MOTION FOR SCHEDULING ORDER REGARDING HEARING ON CONFIRMATION OF THE PLAN OF REORGANIZATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 3, 2010<br>Time: 9:30 a.m.<br>Judge: Hon. Thomas E. Carlson<br>Place: Courtroom 23<br>235 Pine Street<br>San Francisco, CA 94105 |

# MOTION FOR SCHEDULING ORDER

The undersigned insurers (collectively the "Insurers"),[1] by and through counsel, respectfully move pursuant to Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure, for entry of an Order substantially in the form of Exhibit A attached hereto scheduling the hearing on Confirmation of the proposed Plan of Reorganization of Plant Insulation Company (the "Plan") and pretrial procedure relating thereto. In support of this Motion, the Insurers state as follows:

## BACKGROUND

1. Plant Insulation Company ("Plant" or "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 20, 2009. (See Plant's Voluntary Petition (Chapter 11) at Docket No. 1). Plant filed the Plan and Disclosure Statement relating thereto (the "Disclosure Statement") on June 14, 2010. A hearing as to the adequacy of the Disclosure Statement is set for August 3, 2010.

2. The Insurers' proposed Scheduling Order is attached as Exhibit A. It provides for the confirmation hearing to commence approximately 8 months after approval of a disclosure statement.

3. The Insurers intend to file objections to the adequacy of the Disclosure Statement on or before the July 27, 2010 deadline.[2] Notwithstanding those objections, the Insurers believe

---

[1] The "Insurers" are comprised of Fireman's Fund Insurance Company; American Automobile Insurance Company, Mt. McKinley Insurance Company, United States Fidelity and Guaranty Company, American Home Assurance Company; Insurance Company of the State of Pennsylvania; Granite State Insurance Company, Safety National Casualty Corporation, Transport Indemnity Company, Insurance Company of the West, United States Fire Insurance Company, and Arrowood Indemnity Company f/k/a Royal Indemnity Company, as successor to Globe Indemnity Company.

[2] The Insurers are aware of this Court's standing order regarding permitted text for scheduling orders, and fully anticipate making adjustments to the text of attached order to further conform to the Court's preferred language. The Insurers are submitting the attached proposed order at this point in time so that the scheduling issues likely to be raised at the August 3, 2010 hearing may be considered with sufficient background information and a meaningful level of detail. Insurers intend for this submission to provide a fully articulated form of order to further the Court's understanding of the potential scheduling issues.

-2-
MOTION FOR SCHEDULING ORDER
Case No. 09-31347-TC

Case: 09-31347   Doc# 715   Filed: 07/13/10   Entered: 07/13/10 16:05:39   Page 2 of 6

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

that discovery as to the Plan should commence by August 15, 2010, so that they have adequate time to develop their Plan objections and prepare for a contested confirmation hearing.

4. By August 15, 2010, the Debtor, Futures Representative and the Official Committee of Unsecured Creditors (the "Committee" and, collectively, the "Plan Proponents") will be advised as to the basic outline of the Insurer positions and objections to the Plan as a result of the Insurer's written objections to the Disclosure Statement and their presentations at the August 3, 2010 hearing thereon.

## JURISDICTION

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

6. In order to undertake appropriate and reasonable discovery relating to the Plan, adequate time is needed. The proposed Plan and accompanying Plan documents are either silent, vague or ambiguous on a number of issues, such as the extent to which the proposed trust distribution procedures to be approved under the Plan would improperly interfere with insurers' contractual rights concerning the control and settlement of claims for which the Debtor has sought coverage. Moreover, several features of the proposed Plan are highly unusual, including provisions permitting numerous unconventional payments and fees. The Plant Proponents contemplate that Debtor's insurers will be the sole source of funding for the trust and for all of these payments and fees. These attributes, among others, raise issues as to whether the Plan may be confirmed as proposed.

7. Many of these issues are highly fact intensive and will require fact and expert discovery on a range of issues. Among other things, the Insurers intend to seek appropriate discovery on the following confirmation issues:

>    (a) whether the Plan has been proposed in good faith, including Debtor's default in favor of asbestos claimants' counsel in drafting the plan and the scope and availability of the supplemental discharge it seeks under 11 U.S.C. § 524(g);

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

  (b) the appropriateness of the Trust Distribution Procedures, including claim values, medical, and exposure criteria;

  (c) whether the Reorganized Debtor's *de minimis* (and possibly illusory) financial contribution under the Plan is sufficient to support issuance of a § 524(g) injunction;

  (d) whether Debtor and/or Bayside and/or its principals (including Shahram Ameli and Ali Badakhshan) qualify for § 524(g) injunction protection, given that Debtor is a shell entity with no business and Bayside apparently seeks to "bolt itself on" to Debtor's discharge;

  (e) the proposed Bayside merger and the facts relating to Bayside's relation to Debtor;

  (f) the intended operation of the Plan with respect to insurance and the extent to which it may affect the rights of the Insurers to receive performance under their respective policies.

  (g) Plant's fraudulent conveyance of assets to Bayside in 2001, as alleged by the Plant Proponents, and whether Bayside is a successor entity to Plant.

  (h) the appropriateness of priority payment of a host of fees and expenses, including payments to Bayside and its counsel; and

  (i) other proposed uses of the trust, such as to provide commercial loans to Bayside

8 Such discovery will include document requests, interrogatories, requests to admit, subpoenas duces tecum, and requests for admission, as well as depositions of fact and expert witnesses.

9. In addition to serving the written discovery and conducting the depositions within the limited time period allotted to complete non-expert discovery, the parties must resolve all questions about the document productions that the Insurers anticipate will arise. The parties must prepare written discovery, respond to written discovery, review document productions and accompanying privilege logs, resolve privilege assertions which may require limited adjudication, and notice, schedule and take depositions. Such process will likely include meet-and-confer conferences, motions to compel, protective orders and court involvement.

10. Given the amount and complexity of the discovery to be completed, the fact that the parties are preparing to begin a new phase of the underlying coverage case, and the fact that the parties and their attorneys, located across the country, will need to coordinate on the various

-4-

MOTION FOR SCHEDULING ORDER
Case No. 09-31347-TC

issues, the Insurers believe that the proposed schedule is the most realistic and should give an adequate amount of time to undertake the above-referenced activities. While shorter schedules were considered, the Insurers do not believe that they would have given sufficient time to properly address all the issues raised herein.

10. The bankruptcy courts in other asbestos-related cases have accommodated insurers' legitimate needs for similar discovery, and have allowed more time for meaningful discovery and pretrial preparation than is requested here. (See, e.g., Order Establishing Case Management Procedures in connection with Objections to the Confirmation of the Debtors' Proposed Plan entered on February 18, 2004 in In re Mid-Valley, Inc., No. 03-35592-JKF (Bankr. W.D. Pa.), attached as Exhibit B; Scheduling Order Regarding Hearing on Confirmation of the Third Amended Joint Plan of Reorganization entered on July 25, 2003 in In re Babcock & Wilcox Co., No. 00-10992 (Bankr. E.D. La.), attached as Exhibit C; Scheduling Order in In re Flintkote (attached as Exhibit D).

11. Procedural unfairness, including lack of adequate time for an objector to develop and prepare its confirmation case, can inject reversible error into a Chapter 11 case. See, e.g., In re Armstrong World Industries, Inc., 2005 U.S. Dist. LEXIS at *18, n.17 (D. Del. 2005) (listing "troubling" procedural issues in the bankruptcy court that were not decided on appeal because confirmation was reversed on other grounds); aff'd, 432 F.3d 507 (3rd Cir. 2005).

## NO PRIOR APPLICATION

12. No previous application for the relief requested herein has been made to this or any other court.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1
2     **WHEREFORE**, the Insurers respectfully request entry of an order substantially in the
3 form attached hereto, authorizing the relief requested herein, and granting such other and further
4 relief as is just.
5 Dated:    San Francisco, California
           July 13, 2010
6                                                                     SONNENSCHEIN NATH & ROSENTHAL LLP
7
8
9                                                                   By   /s Philip A. O'Connell, Jr.
                                                                   PHILIP A. O'CONNELL, JR.
10                                                                    101 Federal Street, Suite 2750
                                                                   Boston, Massachusetts 20110
11                                                                    and
12                                                                    SONNENSCHEIN NATH & ROSENTHAL LLP
                                                                   Robert B. Millner
13                                                                    Patrick Maxcy
14                                                                    7800 Sears Tower
                                                                   233 South Wacker Drive
15                                                                    Chicago, Illinois  60606-6404
16                                                                    *Attorneys for OneBeacon Insurance Company*
17
18
19
20
21
22
23
24
25
26
27
28

-6-
MOTION FOR SCHEDULING ORDER
Case No. 09-31347-TC