# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | NUMBER 00-10992 |
| THE BABCOCK & WILCOX COMPANY, | SECTION "B" |
| DEBTOR(S) | CHAPTER 11 REORGANIZATION |

Jointly Administered with

| | |
|---|---|
| DIAMOND POWER INTERNATIONAL, INC. | 00-10993 |
| BABCOCK & WILCOX CONSTRUCTION CO., INC. | 00-10994 |
| AMERICON, INC. | 00-10995 |

## SCHEDULING ORDER REGARDING HEARING ON CONFIRMATION OF THE THIRD AMENDED JOINT PLAN OF REORGANIZATION

The pre-trial schedule with respect to the Third Amended Joint Plan of Reorganization (the "Plan") submitted by the Debtors, together with the Asbestos Claimants' Committee, the Future Claimants' Representative, and McDermott Incorporated (collectively with the Debtors, the "Plan Proponents"), pursuant to this Court's Pretrial Notice (Rev'd. Dec. 2000), shall be as follows:

1.  This Scheduling Order shall govern the procedures relating to all issues relating to Plan confirmation and shall bind all parties who intend to participate in the hearing on confirmation.

2.  The hearing on confirmation in this matter will be treated as a contested matter and is set for the period commencing **September 22, 2003**, before the Honorable Jerry A.

Brown, United States Bankruptcy Judge, at the United States Bankruptcy Court, 501 Magazine Street, New Orleans, LA 70130, Courtroom 705, New Orleans, Louisiana.

3. Counsel shall meet to confer on the preparation of a Joint Pretrial Order, exchange copies of all exhibits, and attempt to reach agreement as to the authenticity of exhibits. Counsel shall compile a joint bench book in accordance with the Pretrial Notice. The original and one copy of a Joint Pretrial Order will be filed on or before **seven (7) days** before trial and shall conform to this Court's Pretrial Notice. Written objections to any exhibits that are not admitted to be authentic shall be submitted on or before **three (3) days** before trial. All objections other than authenticity are reserved until trial.

4. The following timetable shall govern the pretrial procedure in this cause. The parties will attempt to reach mutual agreement with respect to any modification of the following timetable, pursuant to the Local Rules including, without limitation, 7026-1(A), and adopted code of conduct. If the parties are unable to reach such agreement, then the parties shall submit any proposed modification of the following timetable to the Court for its approval.

5. Except with respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **July 29, 2003**, all parties shall furnish opposing counsel with a written list containing the names and addresses of all persons they intend to call as witnesses and which briefly describes the subject matter of the testimony for each such witness. With respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **August 5, 2003**, all parties shall furnish opposing counsel with a written list containing the names and addresses of all persons they intend to call as witnesses and which

briefly describes the subject matter of the testimony for each such witness. These deadlines shall not apply to rebuttal or impeachment witnesses whose use cannot reasonably be anticipated in advance or to witnesses called to lay foundation for admissibility of exhibits, or for good cause shown.

The parties shall supplement their lists within a reasonable amount of time, but in any event by **September 2, 2003** (except where necessary for rebuttal or impeachment witnesses or to lay foundation for admissibility of exhibits, or for good cause shown). Opposing counsel shall be afforded the opportunity to take discovery concerning the new information.

On or before **September 8, 2003**, the parties shall furnish opposing counsel with a written list containing the names and addresses of all persons they intend to call as rebuttal and impeachment witnesses and which briefly describes the subject matter of the testimony for each such witness. Opposing counsel shall be afforded the opportunity to take discovery concerning these witnesses.

Only those witnesses listed in the Joint Pretrial Order shall be permitted to testify at the confirmation hearing (except for those witnesses called to lay foundation for admissibility of exhibits, or for good cause shown).

6. Subject to Rule 9006, responses to all written discovery requests shall be served within **20 days** after service of such discovery requests, except for responses to written discovery served prior to entry of this Scheduling Order. The parties shall work together to expeditiously complete the production of documents and things.

7. Except with respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **July 31, 2003**, the parties shall furnish opposing counsel with a list of experts, pursuant to Rule 7026(a)(2)(A). On or before **August 15, 2003**, the parties shall furnish opposing counsel with Disclosure of Expert Testimony pursuant to Rule 7026(a)(2)(B). With respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **August 15, 2003**, the parties shall furnish opposing counsel with a list of experts, pursuant to Rule 7026(a)(2)(A), and, on or before **August 22, 2003**, the parties shall furnish opposing counsel with Disclosure of Expert Testimony pursuant to Rule 7026(a)(2)(B). Within thirty days following this disclosure (but prior to the close of discovery), the Parties shall make their experts available for deposition. The experts' depositions may be conducted without further order from the Court.

8. Except with respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **August 29, 2003**, the parties shall furnish opposing counsel with a Disclosure of Rebuttal Expert Testimony pursuant to Rule 7026(a)(2). With respect to insurance coverage issues relating to Apollo/Parks Township Insurance Policies, on or before **September 5, 2003**, the parties shall furnish opposing counsel with a Disclosure of Rebuttal Expert Testimony pursuant to Rule 7026(a)(2). Within twenty days following this disclosure (but prior to the close of discovery), the parties shall make their experts available for deposition. The experts' depositions may be conducted without further order from the Court.

9. All discovery shall be completed by **September 12, 2003**, except for depositions of rebuttal expert witnesses, which shall be completed by **September 18, 2003**.

10. Trial briefs shall be filed by **September 19, 2003**. <u>**Trial briefs shall not exceed 25 pages**</u>. Trial briefs may be amended or supplemented to address new issues raised in filings made on or after **September 19, 2003**, provided they are filed within 10 days after the filings raising those new issues. <u>**Any amending or supplemental briefs shall be limited to 15 pages**</u>.

11. The hearing on confirmation shall commence on **September 22, 2003**.

12. The Debtors shall serve this Scheduling Order on all parties who have requested that they be served with all papers filed in these cases pursuant to Bankruptcy Rule 2002.

**ORDERED** this 25th day of July, 2003 in New Orleans, Louisiana.

*/s/ J.A. Brown*

Jerry A. Brown
United States Bankruptcy Judge