**Entered on Docket**
**August 08, 2012**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1

2                                    **Signed and Filed: August 7, 2012**

3

4

5                                    _____
                                     **THOMAS E. CARLSON**
6                                    **U.S. Bankruptcy Judge**

7

8                    **UNITED STATES BANKRUPTCY COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10   In re                          )    Case No. 09-31347 TEC
                                     )
11   PLANT INSULATION COMPANY, a     )    Chapter 11
     California corporation,         )
12                                   )
                                     )
13                                   )
                                     )
14                    Debtor.        )
                                     )
15   _____)

16        **MEMORANDUM DECISION RE APPOINTMENT OF NEGOTIATING COUNSEL**

17        On July 27, 2012, the court held a hearing regarding the

18   application of the Creditors Committee to appoint Brayton Purcell

19   LLP and Kazan, McClain, Lyons, Greenwood & Harley as special

20   counsel to the Committee for the purpose of conducting settlement

21   negotiations with various insurance companies.  Appearances were

22   noted on the record.

23        Upon due consideration, for the reasons stated on the record

24   at the hearing, and for the reasons stated below, the court

25   determines that Brayton Purcell LLP and Kazan, McClain, Lyons,

26   Greenwood & Harley (hereinafter Negotiating Counsel) should be

27   appointed on the terms set forth below to represent the bankruptcy

28   estate in negotiations with insurance companies concerning the

     MEMORANDUM DECISION RE APPOINTMENT
     OF NEGOTIATING COUNSEL              -1-

settlement of the insurance coverage litigation currently pending
in the San Francisco Superior Court and related disputes
(hereinafter Qualifying Services).

Brayton Purcell LLP and Kazan, McClain, Lyons, Greenwood &
Harley represent members of the Creditors Committee. Under section
503(b), members of an official committee and their counsel may not
be compensated by the estate. I determine that the Qualifying
Services that Negotiating Counsel are to perform (negotiations with
the opposing parties regarding the settlement of a complex lawsuit)
are beyond the scope of services that committee members are
expected to perform. Generally such negotiations are performed by
professionals hired by the debtor or the creditors committee, and
the role of committee members is limited to providing general
guidance to those professionals and to making decisions regarding
the recommendations made by those professionals. Thus, I determine
that it is entirely consistent with section 503(b) for the estate
to compensate Negotiating Counsel for performing Qualifying
Services.

The court is mindful that the estate has retained other
counsel who are providing advice regarding insurance issues, and
that the court must make an independent determination that the
additional services to be provided by Negotiating Counsel are
necessary and are likely to provide a benefit to the estate
commensurate with their cost. The court determines that the
services to be performed by Negotiating Counsel are likely to
provide benefit to the bankruptcy estate well beyond the cost of
those services. There are at least three separate categories of
issues involved in the settlement negotiations with insurance

companies: whether the order confirming the chapter 11 plan will be upheld on appeal; whether insurance coverage has been exhausted; and what damages the insurers will be called upon to pay if coverage has not been exhausted. Negotiating Counsel have unique knowledge regarding the third issue (damages), and that knowledge will be very helpful to the estate in negotiating favorable settlements with insurers. The amounts at issue justify the cost involved in providing the estate this additional expertise: future insurance settlements could total hundreds of millions of dollars.

Negotiating Counsel have no conflict of interest with the bankruptcy estate with respect to the matters for which they are appointed.

The appointment of Negotiating Counsel shall be effective *nunc pro tunc* as of the date that the application for employment was filed (June 14, 2012).

Although Negotiating Counsel sought to be employed on a contingency fee basis, the court declines to approve any contingency fee under section 328(a), because there is no risk of non-payment, and because the contingent fee requested could easily result in overcompensation for the services to be performed. At the same time, the court recognizes that Negotiating Counsel are generally paid on a contingency-fee basis, and that it is appropriate to consider the size of the recovery achieved in determining a reasonable fee. Negotiating Counsel will be paid reasonable compensation for the work they perform, which shall be determined by the court after taking into account all relevant factors, including the following: (a) the hours spent performing Qualifying Services and the appropriate hourly rate for those

services; (b) the amount recovered by the estate through
settlements reached on or after June 14, 2012; and (c) the extent
to which Negotiating Counsel will be indirectly compensated for
Qualifying Services through the contingency fees they will receive
on payments made to their clients by the section 524(g) trust.

The third factor to be considered in determining a reasonable
fee requires further explanation. Negotiating Counsel represent
individual current claimants who will receive payments from
insurance settlements paid into the section 524(g) trust.
Negotiating Counsel will receive a contingency fee of 25 percent of
any amount paid to their clients by the trust. But not all of the
insurance settlement proceeds will be used to pay their clients.
Some of the settlement proceeds will be used to pay administrative
expenses; some of the proceeds will be held for future claimants;
some of the proceeds will be used to pay current claimants
represented by other counsel.

Any fee applications submitted by Negotiating Counsel shall
conform to the requirements set forth in the accompanying order.

**\*\*END OF MEMORANDUM DECISION\*\***