1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  mahrens@sheppardmullin.com
   STEVEN B. SACKS, Cal. Bar No. 98875
4  ssacks@sheppardmullin.com
   MICHAEL M. LAUTER, Cal Bar No. 246048
5  mlauter@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
6  San Francisco, California 94111-4109
   Telephone:    415-434-9100
7  Facsimile:    415-434-3947

8
   Attorneys for the OFFICIAL COMMITTEE OF
9  UNSECURED CREDITORS

10                UNITED STATES BANKRUPTCY COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14 | In re                          | Case No. 09-31347
15 |                                |
   | PLANT INSULATION COMPANY, a    | Chapter 11
16 | California corporation         |
   |                                | **COMMITTEE'S RENEWED OBJECTION
17 |              Debtor.           | TO CLAIM OF BERRY & BERRY, A PLC
   |                                | (CLAIM NO. 60)**
18 | Tax ID: 94-0292481             |
   |                                | *[No Hearing Required Unless Requested]*
19

20

21

22

23

24

25

26

27

28

Case: 09-31347   Doc# 2574   Filed: 03/26/13   Entered: 03/26/13 16:36:08   Page 1 of
                                              5
SMRH:408413741.2                                        COMMITTEE'S RENEWED OBJECTION
                                                        TO BERRY & BERRY CLAIM

## INTRODUCTION

The Official Committee of Unsecured Creditors of Plant Insulation Company (the "Committee") hereby files this renewed objection (the "Objection") to the proof of claim filed in this case by Berry & Berry, a PLC as Claim No. 60 on the claims register (the "Claim").

The grounds for this Objection are: (i) the Claim was filed after the claims bar date in this case; and (ii) the legal bills comprising the Claim have been almost entirely, if not entirely, paid.

This Objection is based upon the Notice and Opportunity for Hearing filed concurrently herewith, the Declaration of Michael M. Lauter filed concurrently herewith (the "Lauter Declaration"), and the Declaration of Monte Travis filed on June 2, 2011 as Docket No. 1202 in this bankruptcy case (the "Travis Declaration", a copy of which is attached as Exhibit B to the Lauter Declaration), as well as the proof of claim evidencing the Claim (a copy of which is attached as Exhibit A to the Lauter Declaration), the pleadings and records on file in this case, and such further evidence as the Court may consider prior to a final ruling on this Objection. The debtor, Plant Insulation Company ("Debtor"), previously filed an objection to this same Claim, on the same grounds asserted in this Objection, on June 2, 2011 as Docket No. 1201 in this bankruptcy case. No response was ever filed to such objection, and the Committee began to prepare a request for entry of default when it noticed potential issues with the service of the original claim objection. The Committee thus decided to re-assert the grounds of the Debtor's objection in this Objection, and serve it on the correct address for Berry & Berry to ensure that notice was proper. In reasserting those grounds, the Committee makes use of the Travis Declaration, which was filed in support of the Debtor's original objection to this Claim.

This Objection is without prejudice to the Committee's or any other party's right to file further objections to the Claim, including objections based on grounds separate from and in addition to those set forth herein. This Objection is also without prejudice to any objections to other claims not listed herein on the same grounds as set forth in this Objection.

RENEWED OBJECTION
TO BERRY & BERRY CLAIM

## OBJECTION TO CLAIM

In support of the Objection, the Committee respectfully represents:

1. On July 13, 2009, the Bankruptcy Court entered an order setting October 13, 2009 as the bar date for filing proofs of claim in this case.

2. On October 14, 2009, Berry & Berry, a PLC ("Berry & Berry") filed the proof of claim evidencing the Claim as claim number 60 on the claims register in this case. The Claim asserts a general unsecured claim against the Debtor in the amount of $133,379.00 for legal services. For support, the proof of claim attaches invoices sent by Berry & Berry to the following three law firms, ostensibly for work performed by Berry & Berry in connection with asbestos bodily injury and wrongful death cases filed against the Debtor: (i) Lewis, Brisbois, Bisgaard & Smith LLP ("Lewis Brisbois"); (ii) Burnham & Brown; and (iii) McKenna Long & Aldridge ("McKenna Long").

3. The first basis for this Objection is that the Claim was not timely filed. Bankruptcy Code section 502(b)(9) provides that a claim shall be disallowed if it is "not timely filed." 11 U.S.C. § 502(b)(9). Under the plain language of section 502(b)(9), the Claim must be disallowed in its entirety for this reason alone, as the claims bar date was October 13, 2009, and the Claim was filed after that on October 14, 2009. Berry & Berry could attempt to overcome the lateness of its claim by making a motion for leave to file a late proof of claim under Federal Rule of Bankruptcy Procedure 9006(b), but no such motion has been made, and Berry & Berry would have the burden of establishing the proper grounds for such relief.

4. The second basis for this Objection is that the majority, if not all, of the Claim has already been paid. Bankruptcy Code section 502(b)(1) provides that a claim shall be disallowed if it is "unenforceable against the debtor … [under] applicable law." 11 U.S.C. § 502(b)(1). Further, once a claim is objected to, the claimant bears the burden of establishing the validity and amount of the claim. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

5. In recent years, the Debtor tendered thousands of asbestos bodily injury and wrongful death cases filed against it in the California superior courts (the "Tendered Cases") to the

-3-

Debtor's insurers. The Debtor's insurers retained various counsel to defend the Debtor in the Tendered Cases, including Lewis Brisbois, Burnham & Brown, and McKenna Long, the parties who were billed in the invoices attached to the Claim. Pursuant to certain standing orders of the San Francisco and Alameda Superior Courts, Berry & Berry was required to be used to perform certain legal services in connection with the Tendered Cases. However, as explained in the Travis Declaration, Lewis Brisbois issued Berry & Berry a check on October 19, 2009 in the amount for $157,355.98 for all outstanding amounts owed to Berry & Berry. Reviewing the invoices attached the Claim, at least $131,652.78 of those invoices were paid by that check. Thus, based the invoices attached to the Claim, Berry & Berry is at most owed $1,762.22. The Debtor's Assistant Secretary and Corporate Counsel, Mr. Monte Travis, was unable to ascertain the legitimacy of the remaining $1,762.22, or whether it had been paid already. (Travis Decl., ¶¶ 4-6). Given that most of the invoiced fees and costs set forth in the attachments to the Claim have been paid, Berry & Berry has not satisfied its burden of establishing the validity of the remaining $1,762.22 of the Claim simply by attaching the invoices to the Claim. The entirety of the Claim should therefore be disallowed.

6. Based on the foregoing, the Committee hereby objects to the Claim and requests that it be disallowed in its entirety.

WHEREFORE, the Committee prays that this Court enter an Order:

1. Sustaining this Objection;

2. Disallowing and expunging the Claim in its entirety, and with prejudice; and

3. Granting such other and further relief as this Court deems just and appropriate.

//
//
//
//
//

1  Dated:  March 26, 2013

2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3  By _____
       */s/ Michael M. Lauter*

4         MICHAEL M. LAUTER

5  Attorneys for the
   OFFICIAL COMMITTEE OF UNSECURED
6  CREDITORS OF PLANT INSULATION COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28