MEEGHAN L. BUCKLEY (State Bar No. 241161)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, California 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
meeghan.buckley@dentons.com

PHILIP A. O'CONNELL, JR. (State Bar No. 152486)
DENTONS US LLP
101 Federal Street, Suite 2750
Boston, MA 02110
Telephone: (617) 235-6802
Facsimile: (617) 235-6884
philip.oconnelljr@dentons.com

ROBERT B. MILLNER (*Pro Hac Vice*)
CHRISTOPHER SOPER (*Pro Hac Vice*)
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606-6404
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
robert.millner@dentons.com
christopher.soper@dentons.com

Attorneys for OneBeacon Insurance Company

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PLANT INSULATION CO.,<br><br>    Debtor. | Case No. 3:09-BK-31347<br><br>Chapter 11<br><br>**NON-SETTLED INSURERS' OBJECTION TO PLAN PROPONENTS' MOTION FOR ORDER (A) APPROVING AGREEMENT WITH U.S. FIRE INSURANCE COMPANY, (B) DESIGNATING U.S. FIRE AS A SETTLING ASBESTOS INSURER UNDER THE PLAN, AND (C) APPROVING THE SALE OF INSURANCE POLICIES FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**<br><br>Date: June 27, 2014<br>Time: 9:30 a.m.<br>Judge: Hon. Thomas E. Carlson<br>Place: Courtroom 23<br>        235 Pine Street<br>        San Francisco, CA 94105 |

OneBeacon Insurance Company ("OneBeacon") and the undersigned parties (collectively, the "Non-Settled Insurers") hereby submit this objection (the "Objection") to Plan Proponent's Motion for Order (A) Approving Settlement with the U.S. Fire Insurance Company, (B) Designating U.S. Fire Insurance Company as a Settling Asbestos Insurer Under the Plan, and (C) Approving the Sale of Insurance Policies Free and Clear of Liens, Claims and Interests [Docket No. 2750] (the "Motion")[1]  In support of the Objection, the Non-Settled Insurers respectfully state:

## BACKGROUND

On May 22, 2014, U.S. Fire Insurance Company ("U.S. Fire") first provided notice to OneBeacon and the other Non-Settled Insurers of its settlement with Plant Insulation Company ("Plant") ( Declaration of Philip A. O'Connell, Jr. in Support of Non-Settled Insurers' Objections to Plan Proponent's Motion for Order (A) Approving Settlement with the U.S. Fire Insurance Company, (B) Designating U.S. Fire Insurance Company as a Settling Asbestos Insurer Under the Plan, and (C) Approving the Sale of Insurance Policies Free and Clear of Liens, Claims and Interests ("O'Connell Decl."), par. 2, Ex. A).

As of that date, U.S. Fire was obligated under California law to reimburse One Beacon and other carriers for Contribution Claims (as defined in par. 8 of the "Proposed Approval Order" attached as Exhibit A to the Motion) relating to Asbestos Related Claims that had been resolved prior to the May 20, 2009 petition date (hereinafter, "Prepetition Contribution Claims").  The Prepetition Contribution Claim amount owed to OneBeacon is in the range of several million dollars.  (Declaration of Tricia Daziel in Support of  Non-Settled Insurers' Objections to Plan Proponent's Motion for Order (A) Approving Settlement with the U.S. Fire Insurance Company, (B) Designating U.S. Fire Insurance Company as a Settling Asbestos Insurer Under the Plan, and (C) Approving the Sale of Insurance Policies Free and Clear of Liens, Claims and Interests ("Daziel Decl.") par. 4-6.)  Additional amounts may be owed to other carriers.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

The U.S. Fire Settlement Agreement (Ex. A to Declaration of Michael H. Ahrens) provides that the Trust and the Debtor will use "best efforts" to provide U.S. Fire with the protections of the Settling Insurer Injunction under the Plan. (Settlement Agreement, par. III.C.) The Motion requests that U.S. Fire be designated as a Settling Asbestos Insurer, pursuant to Sections 1.105 and 10.3 of the Plan. *See* Proposed Approval Order, par. 12. U.S. Fire would then likely maintain that, upon the Effective Date of the Plan, the Settling Insurer Injunction (Ex. B to the Plan) bars recovery on the Prepetition Contribution Claims.

In addition, U.S. Fire was a party to a certain 2006 Defense Cost Sharing Agreement (the "Cost Sharing Agreement") among the insurers who were defendants in the state court declaratory judgment action.[2] The Cost Sharing Agreement is a voluntary agreement among certain insurers dealing exclusively with allocation of certain costs among them relating to the state court coverage litigation and related bankruptcy proceedings. Under the terms of that Cost Sharing Agreement, U.S. Fire was liable for a percentage of joint defense costs incurred pursuant to the Cost Sharing Agreement, including any joint coverage defense costs incurred before U.S. Fire provided notice that it was withdrawing from the Cost Sharing Agreement.[3] As of this date, such joint coverage defense costs, still owed by U.S. Fire, amount to $27,050.15. O'Connell Decl., par. 6.[4]

---

[2] Paragraph 6 of the Cost Sharing Agreement, cited by U.S. Fire in its May23rd letter, provides, in pertinent part, that "withdrawal shall become effective immediately after the sending of such notice." O'Connell Decl., par. 4.

[3] Paragraph 14 of the Cost Sharing Agreement provides, in pertinent part: "If any funds contributed by any Withdrawing Insurer are less than its share of the costs incurred by the Participating Insurers as of its withdrawal date, such Withdrawing Insurer shall pay its share of obligations incurred up to such withdrawal date." O'Connell Decl., par. 5.

[4] U.S. Fire has indicated that it intends to resolve this issue by wiring this sum to the joint defense accountant on June 13, 2014. To the extent this sum is paid, the issues relating to the non-payment of joint defense costs will be mooted. The Non-Settled Insurers will notify the Court if these funds are received prior to the June 27 hearing.

- 3 -

# OBJECTION

1. **The Settlement Should Not Be Approved Unless It Is Revised To Provide That U.S. Fire Remain Liable For The Prepetition Contribution Claim of OneBeacon.**

Under Section 1.105 of the Plan, for U.S. Fire to be designated a Settling Asbestos Insurer, the Court must not only approve the Settlement Agreement, but must also order "that it is appropriate that such Asbestos Insurer become a Settling Asbestos Insurer under the Plan, and is entitled to the benefits of the Settling Asbestos Insurer Injunction under the terms of the Bankruptcy Code, including Bankruptcy Code Section 524(g) …" (O'Connell Decl. par.7 Exh. B.) Of course, the settlement must also be "fair and equitable." E.g., *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1987).

In the present case, the Circuit-level precedent as to permissible operation of an injunction under Section 524(g) with regard to Contribution Claims is the Ninth Circuit decision in this case. *In re Plant Insulation Co.*, 734 F.2d 900 (9th Cir. 2013). In *Plant*, the Ninth Circuit focused on Section 524(g)(1)(B), which provides:

> An injunction may be issued under subparagraph (A) to enjoin entities from taking legal action for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any claim or demand that, under a plan of reorganization, is to be paid **in whole or in part** by a trust …

734 F.3d at 910 (emphasis in original.)

Of critical import here, the Ninth Circuit made clear that the legal underpinning for a 524(g) injunction that bars Contribution Claims is that such claims are closely "related to" claims or demands that will be paid by the Section 524(g) trust:

> Thus, it is eminently reasonable to paraphrase the statute as follows: "an injunction may be issued to enjoin entities from taking legal action for the purpose of collecting any payment related to a claim or demand that is to be paid in whole or in part by the trust." Furthermore, equitable contribution claims are, themselves, components of asbestos claims which are the kind of claim that the trust does pay. That they are formally brought against different parties does not change the kind of claim that they are. At

- 4 -

> minimum, we are satisfied that such claims are "legal action for the purposes" of recovering "with respect to" asbestos claims.

734 F.3d at 910.

However, the Prepetition Contribution Claims referred to in this Objection will not be paid in whole or in part by the Trust. These were resolved by insurers pre-petition. The "narrow protections" for Non-Settled Insurers adverted to by the Ninth Circuit--a Trust payment credit (Plan sec. 5.2.8.3) and judgment reduction (Plan sec. 5.2.7)--provide <u>no</u> protection as to claims resolved pre-petition. See, *Plant*, 734 F.3d at 907, 912. Extending the benefit of the Settling Asbestos Insurer Injunction to U.S. Fire does **not** comply with Section 524(g), and is neither fair nor equitable. U.S. Fire is **not** entitled to be designated as a Settling Asbestos Insurer under the Plan, unless the Settlement Agreement and Proposed Approval Order are modified to provide that, notwithstanding the Plan and the Confirmation Order (including the Settling Asbestos Insurer Injunction), U.S. Fire will remain liable to OneBeacon for Prepetition Contribution Claims and **no** injunction set forth on the Plan will bar or restrain litigation to recover on such claims.

2. The Rights Of Non-Settled Insurers To Recover Amounts Due From U.S. Fire Under The Cost Sharing Agreement Should Not Be Limited Or Extinguished By the U.S. Fire Settlement.

The rights of Non-Settled Insurers to recover outstanding joint coverage defense costs under the Cost Sharing Agreement should not be extinguished or limited in any way by the Settlement Agreement, Proposed Approval Order or any Plan Injunction. Any right of the Non-Settled Insurers to recover such joint defense costs from U.S. Fire does not derive from any insurance policy or contract with Plant, nor from equitable rights of contribution or indemnity under state law. These rights are not a Contribution Claim as defined in paragraph 8 of the Proposed Order Approving the Settlement.

The Non-Settled Insurers' right to recover such joint coverage defense costs is an independent contractual obligation arising out of the Cost Sharing Agreement, a separate

agreement among the insurers. Plant was at no time a party to that Cost Sharing Agreement, and the Cost Sharing Agreement does not relate to the provision of any benefits (defense or indemnity) to Plant, or to claimants who might obtain judgments against Plant as to certain coverage matters in state court, but, rather, only to the sharing of certain coverage and bankruptcy costs incurred in defending against Plant in state court coverage litigation and bankruptcy proceedings.

Accordingly, the sale of U.S. Fire's policies "free and clear" pursuant to section 363(f) and paragraph 7 of the proposed order should not extinguish or limit U.S. Fire's obligation under the Cost Sharing Agreement. The Settlement Agreement and Proposed Approval Order should be modified to make clear that U.S. Fire's obligation under the Cost Sharing Agreement is not extinguished or limited and that the Non-Settled Insurers are not barred or restrained by the Plan or Confirmation Order, including the Settling Asbestos Insurer Injunction, from pursuing litigation to recover on such obligation. Unless and until these modifications are made, the Settlement Agreement should not be approved.

## CONCLUSION

For the foregoing reasons, the Non-Settled Insurers object to the Motion and ask that it be denied unless and until the Settlement Agreement and Proposed Approval Order are modified as set forth herein.

DATED: June 13, 2014　　　　　　　　DENTONS U.S. LLP

By: _____*/s/ Robert B. Millner*_____
Attorneys for ONEBEACON INSURANCE COMPANY

And, for purposes of this objection only, on behalf of the following parties in interest and their counsel: American Home Assurance Company; Granite State Insurance Company; Insurance Company of the State of

- 6 -

Pennsylvania; Insurance Company of the West; and Transport Insurance Company

82374737\V-5

DENTONS US LLP
525 MARKET STREET - 26TH FLOOR
SAN FRANCISCO, CA 94105
415-882-5000